WILLIAM H. LYON AND LOUIS G. WILLISON v. JUDITH
SWEENY.

*Liability of principal to agent.*

An agreement by agents not to charge a party for whom they
loan money anything for making loans and collecting the
interest thereon will not prevent their recovering the cash dis-
bursements necessarily made in foreclosing by advertisement
a mortgage taken by them to secure a loan, and the fee paid
an attorney for the use of his name in making such statutory
foreclosure.

Error to Wayne. (Gartner, J.) Argued April 20,
1892. Decided May 6, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The
facts are stated in the opinion.

*George H. Prentis,* for appellant, contended:

1. There was no evidence tending to show the mutuality of inten-
tion which justice requires as the foundation for every bind-
ing contract; citing *College v. Charlesworth,* 54 Mich. 528, 529.

2. Contracts, express or implied, are not made by action of one
party alone, where the other party has no control and no
authority to interfere; citing *Thornton v. Sturgis,* 38 Mich.
641; and an agreement to compensate cannot be implied from
the mere fact that services were rendered; citing *Godfrey v.
White,* 43 Mich. 171.

*W. C. Sprague* and *Sands F. Moore,* for plaintiffs.

LONG, J. This action was brought in justice's court
to recover for expenses and fees for services alleged to
have been incurred in the foreclosure of a mortgage upon
lands in Lake county, this State. The plaintiffs reside
at the city of Flint, and the services were performed

there, the notice of foreclosure being published in Lake county. After a trial in justice's court the cause was removed to the circuit court for the county of Wayne, and tried before a jury, the plaintiffs obtaining verdict and judgment. Defendant brings error.

It appeared upon the trial that plaintiff Willison loaned money for the defendant, and took a mortgage for her and in her name, which was foreclosed.

The defendant contends here that there was no testimony given upon the trial authorizing the trial court to submit to the jury the plaintiffs' claim, for the reasons:

1. That the plaintiff Willison testified that he loaned the defendant's money with the distinct understanding that no charge should be made against her for any collections.

2. That he loaned it without consulting her.

3. That he loaned it upon inadequate security.

4. That he had the land bid off in defendant's name by the register of deeds, and the deed recorded, without her knowledge, and sent the deed to her by mail, without consulting her.

We think the court was not in error in submitting plaintiffs' claim to the jury. While Mr. Willison testified that there was an understanding that he was to charge the defendant nothing for loaning the money and collecting interest for her, it does not appear that the plaintiffs were to be to the expense of the foreclosure of the mortgage. They had been doing business for the defendant, loaning her money, and taking mortgages for her in her name, and the money loaned, to secure which this mortgage was given, came from prior loans; and the plaintiff Willison testified that it had been their custom, when money came to them from prior loans, to reinvest it; that upon the foreclosure of this mortgage they paid the advertising, sheriff's, and register's fees, and paid an attorney $25 for the use of his name in the foreclosure

proceedings. For these amounts plaintiffs had judgment. The judgment must be affirmed, with costs.

McGRATH, GRANT, and MONTGOMERY, JJ., concurred. MORSE, C. J., did not sit.